UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DEMETRIUS L. SMITH, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Case No. 5:12-cv-00292-KOB-HGD |
| ) | |
| WARDEN BILLY MITCHEM and ) | |
| THE ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents ) | |

### **MEMORANDUM OPINION**

On January 31, 2012, the magistrate judge entered his report and recommendation, and on February 5, 2012, petitioner filed objections to the magistrate judge's report and recommendation.

In the objections, which are nonetheless signed by petitioner, an inmate named Jeffrey Clegg states he is filing the objections on behalf of petitioner. The objections contend that petitioner should be entitled to equitable tolling on the basis of "profound mental incapacity," based on the assertion that petitioner suffers from paranoid schizophrenia.[1]  Clegg also has submitted a declaration in which he avers that petitioner is paranoid schizophrenic and was housed at Bullock Correctional

---

[1] The habeas corpus petition alleges only that petitioner suffered from depression.

Facility, where mentally ill inmates are assigned, from 2008 to 2010. Petitioner now is incarcerated at Limestone Correctional Facility. Clegg also attests that petitioner "in appearance is sullen, withdrawn, jittery, and unsettled and spaced-out" and that he "appears to be out of touch with reality most of the time." He opines that petitioner "exhibits 'profound mental incapacity' from his paranoid schizophrenia illness." (Doc. 8, Decl. of Jeffrey Clegg). At the time petitioner contacted the National Inmate Advocacy Program about a possible Rule 32 post-conviction petition, he would have been at Bullock Correctional Facility.

As stated in the magistrate judge's report and recommendation, to invoke equitable tolling based on alleged mental incapacity, a petitioner must do more than make a bare allegation that he suffered from mental illness. He must show that he had a serious mental illness that prevented him from timely filing. *Lawrence v. Florida*, 421 F.3d 1221 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). Mental incapacity does not warrant equitable tolling unless a petitioner "can establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Id.* at 1226. *See also Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996) (person seeking tolling of statute of limitations period has burden of showing that circumstances justifying tolling exists); *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 173 (S.D.N.Y. 2000) (a habeas petitioner has the burden of showing that mental health problems rendered him unable to file a habeas petition during the one-year limitations period).

Here, petitioner has alleged that he is a mental health patient, but does not show how that mental incapacity prevented him from filing his petition in a timely manner. Therefore, petitioner's assertion of mental illness is insufficient under Eleventh Circuit law to qualify for equitable tolling. *Lawrence*, 421 F.3d at 1226 (holding that a "contention [of mental impairment], without more, is insufficient to justify equitable tolling").

The self-serving declaration of Jeffrey Clegg submitted with the objections does not suffice to meet the high burden of proof. Clegg is not a mental health professional and his characterization of petitioner as "sullen, withdrawn, jittery, and unsettled and spaced-out" and that he "appears to be out of touch with reality most of the time" does not show that petitioner had a profound mental impairment that prevented him from timely filing a habeas corpus petition. *See also Horne v. Tennis*, 2010 WL 5621416 (E.D. Pa. May 28, 2010) (letter from petitioner's treating psychologist verifying diagnosis of paranoid schizophrenia, but failing to indicate specific ways in which petitioner's mental illness may have prevented him from filing habeas petition, insufficient for equitable tolling); *Robison v. Hinkle*, 610 F. Supp. 2d 533, 540 (E.D. Va. 2009) (application of equitable tolling for mental incapacity must be rare and should apply only where petitioner has alleged facts showing that his mental incapacity or incompetency amounted to an extraordinary circumstance); *Gallegos v. Sisto*, 2007 WL 2318109 (E.D. Cal. Aug. 10, 2007) (medical records

showing diagnosis of chronic paranoid schizophrenia not sufficient for equitable tolling because petitioner demonstrated some diligence during same period in corresponding more than once to court clerk to obtain documents); *Matthews v. Quarterman*, 2007 WL 869514 (S.D. Tex. Mar. 20, 2007) (equitable tolling not warranted where petitioner claimed to be paranoid schizophrenic, but submitted no documentation confirming diagnosis or medications prescribed); *Brown v. Secretary, Dep't of Corrections*, 2005 WL 3336499, *2 (M.D. Fla. Dec. 8, 2005) (medical records attached to petition, while showing mental impairment, did not show petitioner was "unable to pursue his legal rights during the relevant time period"); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (holding that the period of time during which petitioner was confined in a psychiatric ward, medicated, separated from his eyeglasses, and denied meaningful access to legal materials did not justify equitable tolling of the limitations period for filing a habeas petition).

After careful consideration of the record in this case, the magistrate judge's report and recommendation and petitioner's objections, the court ADOPTS the report of the magistrate judge and ACCEPTS the recommendations of the magistrate judge that the petition for writ of habeas corpus be denied.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously.

DONE & ORDERED this 23rd day of February, 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE